LAW OFFICE OF
# RICHARD L. GIAMPÁ, ESQ., P.C.
860 GRAND CONCOURSE, SUITE 1-H
BRONX, NEW YORK 10451

**RICHARD L. GIAMPÁ**
ATTORNEY AT LAW

**ZACHARY K. GIAMPÁ**
ATTORNEY AT LAW

**BRONX/WESTCHESTER**
Phone: (718) 665-7700
Fax: (718) 665-2861

GIAMPA@RLGFIRM.COM

November 3, 2014

Honorable Judge Shira Ann Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:   USA v. Katherine Soriano**
**Case No.: 13-CR-242 (SAS)**

Judge Scheindlin,

Please accept this presentence memorandum for consideration in determining the sentence for Katherine Soriano in case number 13 Cr. 242 (SAS); United States v. Katherine Soriano.  Thank you.

- **2 Point Reduction Pursuant To Amended Sentencing Guidelines Set To Take Effect In November 2014**

The United States Sentencing Commission has unanimously voted to amend and reduce the sentencing guideline levels applicable to federal drug trafficking offenders.  Further, on July 18, 2014, the Commission voted to give retroactive effect to the proposed amendment[1].  To preserve Ms.

---

[1] Paragraph 7(i) of the Presentence Report stipulates that pursuant to the current policy of the Department of Justice that a two-level downward variance is generally warranted.  The parties agree that the defendant should be sentenced accordingly.

1

Soriano's entitlement to the reduction, Ms. Soriano respectfully requests that this two point reduction be applied in determining her sentence.

- **Inaccuracies Contained In The Presentence Investigation Report**

Ms. Soriano hereby notifies the Court of two inaccuracies contained in the Presentence Investigation report; both in paragraph 15. First, the report states that co-defendant Luz Figueroa and Ms. Soriano had delivered drugs to undercover officers on more than three occasions. Ms. Soriano directs the Court's attention to the Proffer interview conducted on June 7, 2013. The information contained in the memorandum memorializing the proffer session ("Proffer Memo") indicates that Ms. Soriano delivered drugs on three occasions, once to a BBQ restaurant and twice to an Applebees; the fourth planned delivery never occurred because Ms. Soriano was arrested.

The second inaccuracy, also contained in paragraph 15, indicates that Ms. Soriano and a co-defendant delivered firearms to undercover officers on two occasions. Again Ms. Soriano directs the Courts attention to the Proffer Memo which indicates that Ms. Soriano's involvement in gun transfers was limited to bringing two bags containing guns from a co-defendants apartment to her grandmothers' house for safekeeping and subsequently returning one bag back to the co-defendant's apartment. It is important to note that Ms. Soriano is not being held responsible for possessing a firearm in connection with the offense (see Presentence Report, paragraph 34).

The information obtained in the proffer session was accepted as truthful by the government, as indicated by the stipulation contained in the plea agreement and the Presentence Report, specifically that the defendant meets the safety valve criteria set forth in U.S.S.G. §5C1.2; §5C1.2(a)(5) informs in part that the defendant has truthfully provided to the Government all

information and evidence. Further, U.S.S.G. §5C1.2, Application Note (7), instructs that information disclosed by the defendant with respect to subsection (a)(5) may be considered in determining the applicable guideline range.

- **Reduction Pursuant To 18 U.S.C. §3553(a) Equivalent To a 4 Level Reduction For Mitigating Role Pursuant To U.S.S.G. §3B1.2**

Paragraph 33 of the Presentence report indicates that no aggravating or mitigating role adjustments have yet been applied. Ms. Soriano respectfully requests that at the time of sentencing the Court take into consideration and apply a reduced sentence pursuant to 18 U.S.C. §3553(a). Defendant has established circumstances consistent with U.S.S.G. §3B1.2; in recognition of her uncontroverted mitigating role, the defendant requests a reduced sentence of time served.

U.S.S.G. §3B1.2(a) provides for a four (4) level decrease if the defendant was a minimal participant in any criminal activity. §3B1.2(b) provides for a two (2) level decrease if the defendant was a minor participant; a three (3) point reduction is available in cases falling between (a) and (b).

Further, Application Note (3)(A), Applicability of Adjustment, indicates that the range of adjustments is available for a defendant who plays a part that makes him substantially less culpable than the average participant; this Application Note also offers an example of a defendant whose role was limited to transporting or storing drugs, facts that are identical to Ms. Soriano's case.

Furthermore, also pursuant to Application Note (3)(A), the determination whether to apply an adjustment is based on the totality of the circumstances and involves a determination that is heavily dependent on the facts of the

3

particular case. The Presentence Report and Proffer Memo contains these facts which clearly establish Ms. Soriano's entitlement to a reduction based on her mitigating role as a minimal participant.

First and foremost, paragraph 12 of the Presentence Report indicates the leaders of the organization, while paragraph 13 lists the managers / intermediate levels of the drug distribution network. Ms. Soriano was not listed as a leader, nor was she listed as a manger. Furthermore, Ms. Soriano was not listed, in paragraph 14, as a street-level seller, the third level of the organization; Ms. Soriano was indicated in paragraph 15 as having delivered drugs or more than three occasions, an inaccuracy as detailed above. The facts indicated in paragraphs 12-15 of the Presentence Report makes clear that Ms. Soriano was substantially less culpable when compared to the average participant.

Second and equally important, paragraphs 26-31 of the Presentence Report indicate the drug quantities each defendant is being held accountable for; again Ms. Soriano is at the bottom when compared to other participants, further illustrating that she is substantially less culpable than the average participant. Also, paragraph 11 of the Presentence Report indicated that, on average, the workers sold about 80 to 100 bundles of heroin per 12 hour shift, with one and a half bundles equal to one gram of heroin. Ms. Soriano delivered substantially less than this average and did not ever work a shift, further supporting that she is substantially less culpable than the average participant.

Third, while the drug distribution network had been in operation since 2008 and under investigation since 2012, Ms. Soriano did not become involved until around February of 2013 (see Proffer Memo, pg 1). The organization was dismantled by a large-scale takedown operation on April 3,

4

2013, thus Ms. Soriano was only involved for a two month period. As detailed above her participation was limited to acting as a gopher, three times delivering drugs and once delivering bags containing guns to her grandmother's house and subsequently returning it to a co-defendant. Also, it is important to note that each time Ms. Soriano acted as a gopher delivering drugs it was done with a co-defendant who did most all the talking and who actually handled the exchange of drugs and money (See Proffer Memo, pg 1, 2).

Fourth, Ms. Soriano received de minimis remuneration for her gopher services, receiving $80-$100 for the first occasion, approximately $80 for the second and $100 for the third (See Proffer Memo, pg 1, 2). In sum, Ms. Soriano received a maximum total of $280 for her services; further illustrating her role as a minimal participant.

Fifth, pursuant to U.S.S.G. §3B1.2, Application Note 4, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. Ms. Soriano's understanding of the scope and structure of the enterprise and the activities of other was limited by a number of factors. First, the short duration of her involvement; she was first introduced to the criminal activity in February 2013, the organization was dismantled in April of 2013. Second Ms. Soriano's knowledge was limited by her extremely minimal role as a gopher as detailed above. Third, Ms. Soriano's knowledge and understanding was further limited by the fact that she was most often not permitted in the bedroom where the drug preparation and packaging would occur, she was never permitted in the bedroom when a leader of the organization was present (See Proffer Memo, pg 1-3). Fourth, a plain reading of the Proffer Memo in conjunction with the offense conduct

detailed in the Presentence Report, clearly illustrates that Ms. Soriano did not possess an understanding of the activities of any of the 3 organizational levels above her (leaders, managers, street-sellers). Quite simply Ms. Soriano was at the very bottom of totem pole.

- **Consideration Of Specific Offender Characteristics**

The Sentencing Reform Act, 18 U.S.C. §3553(a)(1), directs the sentencing court, in determining the particular sentence to be imposed, to consider, among other factors, "the history and characteristics of the defendant". Pursuant to U.S.S.G. §5H1.2, education and vocational skills, while not ordinarily relevant in determining whether departure is warranted, may be relevant in determining the conditions of probation or supervised release. Accordingly, Ms. Soriano directs the Courts attention to paragraph 69 and 64 of the Presentence report which informs that Ms. Soriano completed her GED in 2006 and enrolled in Metropolitan College on September 22, 2014. Further, §5H1.5 informs that while employment record is not ordinarily relevant in determining whether a departure is warranted, it may be relevant in determining the conditions of probation or supervised release. Ms. Soriano directs the Courts attention to paragraphs 70-76 of the Presentence report which informs that Ms. Soriano has had gainful legitimate employment in the past and is currently employed, since July 2014, at Lenny's Sub Shop in Manhattan.

- **Conclusion**

In sum, Ms. Katherine Soriano respectfully requests the Court for a 2 point reduction pursuant to the amended guidelines set to take effect in

November 2014, in addition a §3553 reduction equivalent to a 4 point reduction for her mitigating role as a minimal participant. Also, Ms. Soriano requests that the Court take into consideration her specific offender characteristics. Accordingly, the guideline level in the Government Presentence report, level 19, should be reduced by an equivalent to 4 points pursuant her mitigating role as a minimal participant, resulting in a sum sentencing level of 18-24 months. Mindful of the fact that defendant has served approximately four and a half months incarceration and with the foregoing understanding in the interest of justice, the defendant requests that she be sentenced to time served.

Respectfully Submitted,

Richard L. Giampa, ESQ.
RICHARD L. GIAMPA, ESQ., P.C.
861 Grand Concourse, 1H
Bronx, New York 10451

7